GEOFFREY A. NERI (State Bar No. 258802)
gneri@millerbarondess.com
BENJAMIN TAYLOR (State Bar No. 240636)
btaylor@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendant
UNIVERSAL FAMILY INSURANCE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW LIFE AGENCY, INC., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>ART RISK, FINANCIAL & INSURANCE SOLUTIONS, INC., a Delaware corporation, and UNIVERSAL FAMILY INSURANCE, LLC, a Massachusetts limited liability company, and JESSE MONTANO, an individual and DOES 1-5,<br><br>Defendants. | CASE NO. SACV11-01017-JVS (ANx)<br><br>[Assigned to the Honorable James V. Selna]<br><br>[DISCOVERY MOTION before Hon. Arthur Nakazato, Magistrate Judge]<br><br>**NOTICE OF MOTION AND MOTION FOR ISSUANCE OF A REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST) UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (RJ KILN & CO., LTD.)**<br><br>[Declaration of Benjamin Taylor and Proposed Letter of Request filed concurrently]<br><br>Date:   April 19, 2012<br>Time:   10:00 a.m.<br>Courtroom:   6B<br><br>Action Filed:   July 8, 2011<br>Trial Date:   August 21, 2012 |

1 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that on April 19, 2012, at 10:00 a.m., or as soon
3 thereafter as the matter may be heard, in the courtroom of the Honorable Arthur Nakazato,
4 located at 411 West Fourth St., Santa Ana, CA 92701, Courtroom 6B, Defendant Universal
5 Family Insurance, LLC ("Universal") will, and hereby does, move the Court pursuant to the
6 Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or
7 Commercial Matters, 28 U.S.C. § 1781 (and Fed. R. Civ. P. 28), and the Evidence
8 (Proceedings in Other Jurisdictions) Act 1975 c.34 (the "1975 Act"), for the issuance of a
9 Letter of Request for International Judicial Assistance ("Letter of Request") to compel the
10 oral examination of the Person Most Knowledgeable of RJ Kiln & Co., Ltd. ("Deponent"),
11 and to compel the production of documents by RJ Kiln & Co., Ltd. A proposed Letter of
12 Request for International Judicial Assistance, following the model form set out in the Hague
13 Evidence Convention, is filed concurrently herewith. The documents requested by Universal
14 are set forth in Schedule A to the proposed Letter of Request, and the topics of oral
15 testimony sought from the Deponent are set forth in Schedule B to the proposed Letter of
16 Request.

17      Universal makes this motion on the ground that RJ Kiln & Co., Ltd. has the evidence
18 sought in the Letter of Request, and the Deponent has knowledge of the information sought
19 in the Letter of Request, which evidence is highly relevant to the claims and defenses in this
20 case and may not be obtained by other means. Accordingly, it is necessary for this Court to
21 issue the accompanying Letter of Request for International Judicial Assistance to obtain the
22 requested evidence.

23      This motion is based on this Notice of Motion, the accompanying Memorandum of
24 Points and Authorities, the accompanying Declaration of Benjamin Taylor and Exhibits
25 thereto, all other pleadings and papers on file in this action, any matters of which this Court
26 may take judicial notice, and such further evidence and argument as may be presented at or
27 before the hearing on this matter.
28 ////

Pursuant to Local Rule 7-3, the parties met and conferred on the subject matter of this Motion on March 2, 2012, and thereafter.

DATED: March 12, 2012

Respectfully submitted,

MILLER BARONDESS, LLP

By: *Geoffrey A Neri*

Geoffrey A Neri
Attorneys for Defendant
UNIVERSAL FAMILY INSURANCE. LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction.

Defendant Universal Family Insurance, LLC ("Universal") requests that this Court issue the accompanying Letter of Request for International Judicial Assistance directed to The Senior Master, Queen's Bench Division of the Senior Courts of England and Wales, Royal Courts of Justice, Strand, London, WC2A 2LL, England requesting the production of documents by RJ Kiln & Co., Ltd. ("Kiln") and the examination by oral deposition relating to the above-captioned action of Kiln's Person Most Knowledgeable, regarding the insurance policies that are the subject of this action.

The reasons for issuance of the Letter of Request are simple and straightforward. Plaintiff New Life Agency, Inc. ("New Life") claims, among other things, that Universal has infringed upon its copyrighted works, including its insurance policies. In its counter-claims, Universal alleges that New Life engages in unfair competition by, among other things, illegally selling its surrogacy-related insurance policies as health or medical expense insurance, in violation of the insurance regulations of many states. New Life is a coverholder for Kiln. Universal is informed and believes that Kiln has been advised by regulatory authorities for the Corporation of Lloyd's of London ("Lloyd's") that New Life's insurance product is being sold in an unauthorized manner and that Kiln has undertaken its own investigation into the issue. The propriety of the manner in which insurance products are sold by New Life, the extent to which Kiln has sought any opinion on the legality of the New Life products, and the investigation by regulatory authorities of Lloyd's, are therefore squarely at issue in this case.

There is no means of obtaining this evidence other than seeking it directly by Letter of Request. The insurance products in question are backed by Kiln. Universal is informed and believes that Deponent is the person responsible for the New Life binder at Kiln, and as part of his or her responsibilities, either personally conducted an investigation into the legality and propriety of the insurance products sold by New Life which are the subject of this lawsuit, or engaged a third party to do so. Accordingly, Universal seeks Deponent's

testimony on his investigation related to the insurance products that are the subject of this case.

Universal's request for evidence is narrowly tailored and will not impose an undue burden on Kiln or on the Deponent. Accordingly, Universal respectfully requests that its motion be granted.

## II. Statement of Facts and Procedural History

New Life Agency, Inc. ("New Life") commenced this action in July 2011. Defendants ART Risk Financial & Insurance Solutions, LLC ("ART Risk") and Universal Family Insurance, LLC ("Universal") filed Counterclaims against New Life in November 2011. New Life claims, among other things, that Defendants formed a joint venture to sell a competing insurance product marketed to the niche surrogacy market by copying its insurance policies. Defendants allege that New Life has violated unfair competition laws in various ways, infringed upon Universal's trademark, interfered with business relationships, acted to stifle competition, and defamed Defendants.

One of the key issues in the case is the propriety and legality of the insurance policies sold by New Life and underwritten by Kiln. Defendants contend that New Life sells its surrogacy insurance product directly to the surrogate mother as health insurance or medical expense insurance in violation of the laws of at least 20 states. By contrast, Universal lawfully sells its product as contractual liability insurance. This method is more costly and more difficult to sell, since it requires the intended parents to agree to indemnify the surrogate for her medical related expenses as part of their carrier agreement. New Life thus gains an unfair competitive advantage in the surrogacy insurance market by selling its policies in violation of the laws of so many states.

The insurance products in question are underwritten by Kiln, a syndicate of Lloyd's of London. Universal is informed and believes that Deponent is the person responsible for the New Life binder at Kiln, and as part of his responsibilities, either personally conducted an investigation into the legality and propriety of the insurance products sold by New Life which are the subject of this lawsuit, or engaged a third party to do so. Accordingly,

Universal seeks documents relating to the investigation and Deponent's testimony relating thereto.

III. <u>Argument</u>

    A. <u>**THIS COURT HAS AUTHORITY TO ISSUE THE LETTER OF REQUEST**</u>

Both the United States and the United Kingdom are signatories to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), 23 U.S.T. 2555. See also 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner" and reproducing the Hague Evidence Convention); Fed. R. Civ. P. 28(b)(1) ("A deposition may be taken in a foreign country … under an applicable treaty or convention [or] under a letter of request"); Restatement (Third) of Foreign Relations Law of the United States § 474(2) ("A United States district court, in order to obtain evidence for use in a proceeding before it, may … issue a letter rogatory requesting a court or other appropriate authority in a foreign state to direct the taking of evidence in that state … provided the procedure is not inconsistent with the law of the state where the evidence is to be taken."). "The Convention, as a treaty ratified by and acceded to the United States, is the 'law of this land' with the same force and effect as a federal statute." *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 1880381, at *5 (N.D. Cal. 2007) (citing *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 524 & n. 1 (1987), and *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 167 (1999)). As a general matter, therefore, transmittal of a Letter of Request by the Central District of California is entirely proper under United States law.

Issuance of a Letter of Request is warranted here, because Universal is informed and believes that Kiln has the documents sought and because Deponent is the witness most likely to have information bearing on the extent to which New Life's product has been reviewed for regulatory compliance by Kiln, Lloyd's of London or any third part. The proposed Letter

of Request, filed concurrently herewith, seeks documents and evidence on this subject. The scope of the proposed testimony is limited and is not readily obtainable from any other source.

### B. UNIVERSAL'S REQUEST FOR INFORMATION IS CONSISTENT WITH THE LAW OF THE UNITED KINGDOM

#### 1. The High Court of England has the Authority to Issue a Letter of Request for Documents and Testimony in this Case

As noted above, the United Kingdom is a signatory to the Hague Evidence Convention, and English Courts have the power to compel the production of documents and the giving of oral testimony for purposes of foreign proceedings in appropriate circumstances. Pursuant to the Evidence (Proceedings in Other Jurisdictions) Act 1975 c.34 (the "1975 Act"), if the High Court of England receives an application ... for an order for evidence to be obtained in the part of the United Kingdom in which it exercises jurisdiction, and the court is satisfied (a) that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction ... in a country or territory outside the United Kingdom; and (b) that the evidence to which the application relates is to be obtained for purposes of civil proceedings which ... have been instituted before the requesting court, the High Court has the power to carry out the application. (Declaration of Benjamin Taylor, "Taylor Decl.", at Ex. A (1975 Act 1).[1] This may include issuance of an order "for the examination of witnesses, either orally or in writing" or "for the production of documents." *Id.* (1975 Act 2(2)(a) and (2)(b)). See also *Rio Tinto Zinc Corp. v. Westinghouse Electric Corp.*, [1978] A.C. 547, 2 W.L.R. 81.

---

[1] Reflecting principles of judicial and international comity, "[t]he general principle which is followed in England in relation to a request from a foreign Court for assistance in obtaining evidence for the purpose of proceedings in that Court is that the English Court will ordinarily give effect to a request so far as is proper and practicable and to the extent that it is permissible under English law." Section A Civil Procedure Rules 1998 c.34.21.2 (citing *Seyfang v. G. D. Searle & Co.* [1973] Q.B. 148 at 151; [1973] 1 All E.R. 290 at 293).

These prerequisites are clearly present here: this Court is presently exercising jurisdiction over this dispute, and the evidence Universal seeks relates directly to the ongoing civil proceeding, and consists of requests for documents and oral testimony.

### 2. The Letter of Request does not Seek Evidence that is Privileged or Would be Prejudicial to the Security of the United Kingdom

The 1975 Act does not require a person to "give any evidence if his doing so would be prejudicial to the security of the United Kingdom." *Id.* (1975 Act at 3(3)). Universal does not seek information that is privileged under the laws of the United States or England, nor does Universal seek information the disclosure of which would compromise the United Kingdom's security. Universal does not believe its requests for documents and testimony include such information, but to the extent that it does, Universal does not object to withholding on that basis.

### 3. The Proposed Deposition Procedures are Consistent with Governing Law

Universal's request for oral examination of Deponent on the subjects set forth in Schedule B is proper under the laws and practices of the United Kingdom. As a general matter, the 1975 Act gives the High Court of England the "power … by order to make such provision for obtaining evidence in … the United Kingdom [including by] the examination of witnesses, either orally or in writing." Taylor Decl., at Ex. A (1975 Act 2(1) and (2)(a)). See also *Apple Computers Inc. v. Doe*, 2002 WL 31476324 (QBD), [2002] EWHC 2064, at 8 ("Under the procedure of the High Court of England depositions of witnesses … may be taken before examiners for use at the trial [so long as] the subject matter of such deposition is restricted to the evidence admissible at trial."). Because Universal intends to use Deponent's testimony at trial, and because the subjects in Schedule B will produce evidence admissible at trial, Universal's proposed Letter of Request precisely follows these guidelines.

Moreover, the request is proper for the additional reason that the Hague Evidence Convention itself provides that the receiving court "will follow a request of the requesting

authority that a special method or procedure be followed, unless this is incompatible with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties." Hague Evidence Convention, Article 9, 23 U.S.T. 2555. The 1975 Act further provides that the High Court has the power by order to make such provision for obtaining evidence in the part of the United Kingdom in which it exercises jurisdiction as may appear to the court to be appropriate for the purpose of giving effect to the request in pursuance of which the application is made; and any such order may require a person specified therein to take such steps as the court may consider appropriate for that purpose. Taylor Decl., at Ex. A (1975 Act 2(1)). Accordingly, the High Court has the power to carry out Universal's request by compelling Deponent to appear for oral examination on the subjects set out in Schedule B.

## IV. Conclusion

For the foregoing reasons, Universal respectfully requests that this Court issue a Letter of Request under the Hague Evidence Convention to the High Court of England to compel R.J. Kiln & Co., Ltd. to produce the documents requested in Schedule A and to compel Deponent to give sworn deposition testimony on the topics specified in Schedule B thereto.

DATED: March 12, 2012           MILLER BARONDESS, LLP

                                By: _____
                                Geoffrey A. Neri
                                Attorneys for Defendant and
                                Plaintiff in Counterclaim,
                                UNIVERSAL FAMILY INSURANCE. LLC