# EXHIBIT A

# United Kingdom

## EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975

An Act to make new provision for enabling the High Court, the Court of Session and the High Court of Justice in Northern Ireland to assist in obtaining evidence required for the purposes of proceedings in other jurisdictions; to extend the powers of those courts to issue process effective throughout the United Kingdom for securing the attendance of witnesses; and for purposes connected with those matters.

**Evidence for civil proceedings**

1. Where an application is made to the High Court, the Court of Session or the High Court of Justice in Northern Ireland for an order for evidence to be obtained in the part of the United Kingdom in which it exercises jurisdiction and the court is satisfied—

> (a) that the application is made in pursuance of a request issued by or on behalf of a court or tribunal ("the requesting court") exercising jurisdiction in any other part of the United Kingdom or in a country or territory outside the United Kingdom; and
> (b) that the evidence to which the application relates is to be obtained for the purposes of civil proceedings which either have been instituted before the requesting court or whose institution before that court is contemplated,

the High Court, Court of session or High Court of Justice in Northern Ireland, as the case may be, shall have the powers conferred on it by the following provisions of this Act.

2.—(1) Subject to the provisions of this section, the High Court, the Court of Session and the High Court of Justice in Northern Ireland shall each have power, on any such application as is mentioned in section 1 above, by order to make such provision for obtaining evidence in the part of the United Kingdom in which it exercises jurisdiction as may appear to the court to be appropriate for the purpose of giving effect to the request in pursuance of which the application is made; and any such order may require a person specified therein to take such steps as the court may consider appropriate for that purpose.

(2) Without prejudice to the generality of subsection (1) above but subject to the provisions of this section, an order under this section may, in particular, make provision—

> (a) for the examination of witnesses, either orally or in writing;
> (b) for the production of documents;
> (c) for the inspection, photographing, preservation, custody or detention of any property;
> (d) for the taking of samples of any property and the carrying out of any experiments on or with any property;
> (e) for the medical examination of any person;
> (f) without prejudice to paragraph (e) above, for the taking and testing of samples of blood from any person.

(3) An order under this section shall not require any particular steps to be taken unless they are steps which can be required to be taken by way of obtaining evidence for the purposes of civil proceedings in the court making the order (whether or not proceedings of the same description as those to which the application for the order relates); but this subsection shall not preclude the

making of an order requiring a person to give testimony (either orally or in writing) otherwise than on oath where this is asked for by the requesting court.

(4) An order under this section shall not require a person—

> (a) to state what documents relevant to the proceedings to which the application for the order relates are or have been in his possession, custody or power; or
> (b) to produce any documents other than particular documents specified in the order as being documents appearing to the court making the order to be, or to be likely to be, in his possession custody or power.

(5) A person who, by virtue of an order under this section, is required to attend at any place shall be entitled to the like conduct money and payment for expenses and loss of time as on attendance as a witness in civil proceedings before the court making the order.

3.—(1) A person shall not be compelled by virtue of an order under section 2 above to give any evidence which he could not be compelled to give—

> (a) in civil proceedings in the part of the United Kingdom in which the court that made the order exercises jurisdiction; or
> (b) subject to subsection (2) below, in civil proceedings in the country or territory in which the requesting court exercises jurisdiction.

(2) Subsection (1)(b) above shall not apply unless the claim of the person in question to be exempt from giving the evidence is either—

> (a) supported by a statement contained in the request (whether it is so supported unconditionally or subject to conditions that are fulfilled; or
> (b) conceded by the applicant for the order;

and where such a claim made by any person is not supported or conceded as aforesaid he may (subject to the other provisions of this section) be required to give the evidence to which the claim relates but that evidence shall not be transmitted to the requesting court if that court, on the matter being referred to it, upholds the claim.

(3) Without prejudice to subsection (1) above, a person shall not be compelled by virtue of an order under section 2 above to give any evidence if his doing so would be prejudicial to the security of the United Kingdom; and a certificate signed by or on behalf of the Secretary of State to the effect that it would be so prejudicial for that person to do so shall be conclusive evidence of that fact.

(4) In this section references to giving evidence include references to answering any question and to producing any document and the reference in subsection (2) above to the transmission of evidence given by a person shall be construed accordingly.

4. Section 49 of the Supreme Court of Judicature (Consolidation) Act 1925 (which enables the High Court to order the issue of a subpoena in special form, enforceable throughout the United Kingdom. for the attendance of a witness at a trial) and the Attendance of Witnesses Act 1854 (corresponding provisions for Court of Session [and High Court of Justice in Northern Ireland]) shall have effect as if references to attendance at a trial included references to attendance before an examiner or commissioner appointed by the court or a judge thereof in any cause or matter in

that court, including an examiner or commissioner appointed to take evidence outside the jurisdiction of the court.

### Evidence for criminal proceedings

5.—(1) The provisions of sections 1 to 3 above shall have effect in relation to the obtaining of evidence for the purposes of criminal proceedings as they have effect in relation to the obtaining of evidence for the purposes of civil proceedings except that—

> (a) paragraph (a) of section 1 above shall apply only to a court or tribunal exercising jurisdiction in a country or territory outside the United Kingdom;
> (b) paragraph (b) of that section shall apply only to proceedings which have been instituted; and
> (c) no order under section 2 above shall make provision otherwise than for the examination of witnesses, either orally or in writing, or for the production of documents.

(2) In its application by virtue of subsection (1) above, section 3(1)(a) and (b) above shall have effect as if for the words "civil proceedings" there were substituted the words "criminal proceedings".

(3) Nothing in this section applies in the case of criminal proceedings of a political character.

### Evidence for international proceedings

6.—(1) Her Majesty may by Order in Council direct that, subject to such exceptions, adaptations or modifications as may be specified in the Order, the provisions of sections 1 to 3 above shall have effect in relation to international proceedings of any description specified in the order.

(2) An Order in Council under this section may direct that section 1(4) of the Perjury Act 1911 or section 1(4) of the Perjury Act (Northern Ireland) 1946 shall have effect in relation to international proceedings to which the Order applies as it has effect in relation to a judicial proceeding in a tribunal of a foreign state.

(3) In this section "international proceedings" means proceedings before the International Court of Justice or any other court, tribunal, commission, body or authority (whether consisting of one or more persons) which, in pursuance of any international agreement or any resolution of the General Assembly of the United Nations, exercises any jurisdiction or performs any functions of a judicial nature or by way of arbitration, conciliation or inquiry or is appointed (whether permanently or temporarily) for the purpose of exercising any jurisdiction or performing any such functions.

### Supplementary

7. The power to make rules of court under section 99 of the Supreme Court of Judicature (Consolidation) Act 1925 or section 7 of the Northern Ireland Act 1962 shall include power to make rules of court—

> (a) as to the manner in which any such application as is mentioned in section 1 above is to be made;
> (b) subject to the provisions of this Act, as to the circumstances in which an order can be made under section 2 above; and

(c) as to the manner in which any such reference as is mentioned in section 3(2) above is to be made;

and any such rules may include such incidental, supplementary and consequential provision as the authority making the rules may consider necessary or expedient.

8.—(1). (2)

(3) Nothing in this section shall affect—

    (a) any application to any court or judge which is pending at the commencement of this Act;
    (b) any certificate given for the purposes of any such application;
    (c) any power to make an order on such an application; or
    (d) the operation or enforcement of any order made on such an application.

(4) Subsection (3) above is without prejudice to section 38(2) of the Interpretation Act 1889 (effect of repeals).

9.—(1) In this Act—

    "civil proceedings", in relation to the requesting court, means proceedings in any civil or commercial matter;
    "requesting court" has the meaning given in section 1 above;
    "property" includes any land, chattel or other corporeal property of any description;
    "request" includes any commission, order or other process issued by or on behalf of the requesting court.

(2) In relation to any application made in pursuance of a request issued by the High Court under section 85 of the County Courts Act 1959 or the High Court of Justice in Northern Ireland under section 58 of the County Courts Act (Northern Ireland) 1959, the reference in section 1(b) above to proceedings instituted before the requesting court shall be construed as a reference to the relevant proceedings in the county court.

(3) Any power conferred by this Act to make an Order in Council includes power to revoke or vary any such Order by a subsequent Order in Council.

(4) Nothing in this Act shall be construed as enabling any court to make an order that is binding on the Crown or on any person in his capacity as an officer or servant of the Crown.

*Last Update: 08/17/98*
*Copyright ©1998 by David D. Caron - ALL RIGHTS RESERVED*